UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| DARNELL LEVON JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | Case No. 2:13-cv-42-WTL-DKL |
| | ) | |
| D. BROWN, Superintendent, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Dismissing Petition for Writ of Habeas Corpus
and Directing Entry of Final Judgment**

**I.**

The clerk shall **update the docket** to reflect the parties as "petitioner" and "respondent." The petitioner's custodian, named in his official capacity only, is substituted as the sole respondent in this action.

**II.**

This cause is before the court on the petition of Darnell Levon Johnson for a writ of habeas corpus challenging prison disciplinary proceedings identified as No. WVD 12-08-0084 and WVD 12-08-0087. The petitioner was given the opportunity to submit an amended petition for writ of habeas corpus but has not done so.

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face …." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). This authority is conferred by *Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts*, which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to

relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *See also Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993).

This is an appropriate case for such a disposition. The reason for this disposition is that the first three claims rest solely on alleged violations of prison regulations and policies. Claims of this nature do not support federal habeas corpus relief under 28 U.S.C. § 2254(a). *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991); *see also Del Vecchio v. Illinois Dept. of Corrections*, 31 F.3d 1363, 1370 (7th Cir. 1994) (habeas corpus jurisdiction is limited to evaluating alleged violations of federal statutory or constitutional law).

The fourth claim was not asserted in the administrative appeals from the conduct board's decision. Therefore, the petitioner failed to exhaust his administrative remedies and he has forfeited that claim. *See Moffat v. Broyles*, 288 F.3d 978, 981-82 (7th Cir.2002) (Indiana prisoner challenging CAB decision forfeits on habeas review any issues not presented during administrative review of disciplinary conviction).

Because the petition shows on its face that the petitioner is not entitled to the relief he seeks, the petition is summarily dismissed pursuant to Rule 4. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Date: 06/05/2013

Distribution:

Darnell Levon Johnson, #219986, Wabash Valley Correctional Facility, 6908 S. Old US Hwy. 41, P.O. Box 1111, Carlisle, IN 47838

NOTE TO CLERK:  PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.